The next case on the calendar is Lopez-Lopez v. Garland and I think this is also both attorneys are in video. Mr. Acosta, whenever you're ready. Thank you. Can everyone hear me okay? Yes. Okay. Good morning. May it please the court, Mario Acosta, Jr. appearing on behalf of the petitioners in this case. With the court's permission, I'd like to reserve two minutes of my time for rebuttal. Your honors, in this case, the court has jurisdiction to review the denial of the motion to reconsider because the board clearly made an error of law. In fact, specifically, the petitioners filed a timely appeal within the 30 days. The appeal was then rejected because the board concluded that the fee was not included, an assertion that is disputed by petitioner, but nonetheless, a rejection notice was sent. That rejection notice was not received by petitioner's counsel, however, through his own diligence and finding out that the appeal had not been filed, petitioner did file the appeal subsequently. What is erroneous in the case is that the board is essentially taking away time from petitioner to correct the mistake specifically. In this case, the appeal from the immigration judge's order removal was due by March 19th. That is the date that is written on the judge's decision. Once the board rejected the appeal pursuant to ATFR 1003.8A3, the board then gives petitioner 15 days to correct the mistake and provide the filing fee. In this case, the board calculated the 15 days from the date that the appeal was rejected when it should have been calculated from the date that the 30 days would be done. Otherwise, you could foreseeably have a situation where someone files an appeal the day after the judge's decision is issued. The appeal is dismissed, but now the board is only going to afford them 15 days to correct the mistake, thereby undercutting the 30 days that they're statutorily given. I think that's the mistake that was made by the board here. In addition, Your Honor, I do believe that respectfully a remand is appropriate in light of matter of moralis moralis. That's the decision that we cited in our Rule 28J letter that was decided subsequent to briefing in this case. In that case, consistent with this court's decision in Eriones, the board agreed that the 30-day time limit is a claims processing rule, not jurisdictional. And I think that if the board has the opportunity to consider the diligence that petitioner showed in this case by filing the appeal well within the 30-day limit and by filing the filing fee well within the 15 days afterwards, the board would find that there was diligence. And I do believe that there has to be something set for the extraordinary circumstances in this case, given that at no point did petitioner act in a manner inconsistent with trying to preserve her right to seek appeal. The last thing I would point out, and I'm not sure how the court could go about addressing this, I do think that there is a significant disadvantage that the rejection notice from March 17th is not included in the certified record. I obviously don't fault respondent for that, but it is noteworthy that the rejection notice is cited in both the April 11th, 2022 decision, as well as the first rejection of September 15th, 2021. So with all due respect, we don't know if that rejection notice was perhaps mailed to the wrong address, if there was a mistake made on it, but we're definitely at a disadvantage by not having that. So under the circumstances, Your Honor, I would argue that the court should grant the amendment. And I would open up to any questions that the court may have on the matter. Counsel, I just have one question. As I understand it, as to your last point, the government cannot produce evidence that it actually sent the notice to counsel, to you. And I take it you have represented both to the agency and now to the court that you never received from the agency the decision. It came from your client. That is correct, Your Honor. And just for the record, I was not the attorney in the underlying proceedings. However, consistent with the statements made by the attorney in the motion to reconsider and in the motion to file the late appeal, at all times it was stated that the attorney did not receive the rejection notice, which was what put him at a disadvantageous position. So, yes, that is correct, Your Honor. All right. Thank you. And Ms. Lopez-Lopez received the notice of rejection on April 1st, which was the deadline to file the notice of appeal. That would have been the day of—correct, Your Honor—well, that would have been the deadline if Your Honor and the court agrees that the 15-day period should be calculated from the March 17th rejection notice—rejection notice date from the board. But it would have been timely if you calculate the 15 days from March 19th, which was the actual due date for the appeal as written on the judge's decision. So it really comes down to what point of view the court takes. Yeah. Actually, the due date was the 22nd. The I.J. wrote 19th, but because of the weekend, and it's clear from the later papers, the due date was the 22nd. I'm not sure it makes a difference to your argument, but it's 22 rather than 19. Correct, Your Honor. I do see that. I was going by the handwritten notation from the judge on the judge's decision. I know exactly what you're going from, but it turns out because of the way the weekend fell, it was the 22nd. Correct. So, as I said, Your Honor, I think that this is a case where the statutory language does not state that it's from the date of the rejection. I think that interpreting the regulation in that manner really would cause a due process problem. Do you have any case law that supports this argument? I mean, you've got two arguments. One is if it's a day late, it should be excused by equitable tolling, but the argument you're from a later time, do you have any case law to support that? Not specifically on this issue of a late appeal. However, I am familiar with the case, and I'm going to have to follow Rule 28J letter, perhaps Your Honor is familiar with it. There is a Ninth Circuit published case where the moving party filed a motion to reopen within the 90 days. However, then the petitioner filed a supplement to the motion. However, the board denied the motion to reopen stating that the evidence had been filed after the motion had already been submitted, and the court reversed the board stating that because the supplemental evidence had been filed within the 90 days that an immigrant is afforded to file the motion to reopen, that the board should have considered the evidence and should not have excluded it. So there might be some argument there that when you have a statutory deadline, the board abuses its discretion when it denies a motion or dismisses something within that statutory period, but I'm going to find that case and provide the 28J letter for you, Your Honor. But I am familiar with the case, just can't think of the name of it at the moment. And if there's nothing further, I'll reserve the rest of my time for rebuttal. Thank you. Great. Thank you. Ms. Watson. May it please the court, Your Honors, Joanna Watson on behalf of a respondent, the United States Attorney General. The only decision before the court is the motion to reconsider. And if you look at what he argued before the board, it's not even, the argument he makes now that it should have been, he should have been provided even more time to file the, to perfect the appeal. It's unclear if you look at AR7. He just simply says that it should have been found within the 15 days because he filed it on April 2nd. But the board manual actually from 2021 specifies that if an appeal is rejected for some reason, it still has to be filed by the due date of the appeal unless the board provides additional time. And the board gave him the benefit of the doubt. If I can interrupt, let me ask the following question. When the board rejected the motion for reconsideration, it wrote, respondent contends the motion, contend, respondents contend in their motion that their attorney never received notice that the NOA had been rejected. However, respondents have not offered any support for this contention. Well, they offered a sworn statement that by the attorney that he'd never received it. So it's clearly wrong that there was no support. How do you respond to that? It's been conceded about the dates though, of the date of the rejection notes. And it's conceded that it was filed late. I mean, in his briefs, in the filings before the board. No, that's not my question. The question is, did he have any evidence as to when he received it? He's got, there's a sworn statement that he never received it. Are you following me? Yeah, I know what you're referring to, Your Honor. He didn't provide any evidence of it. He's claiming that his client informed him the day before it was sued. Excuse me. Sworn statement is evidence, period. You may not believe the evidence, but it's evidence. The board rejected the evidence and found that it didn't. No, the board said there was no evidence. Insufficient evidence. Well, no, that's just, however, and I'm not just reading from the board. However, respondents have not offered any support for this contention. Well, they offered a sworn statement by the attorney that he never received it. That's support. Now, they didn't say insufficient support. They said no support. So how, what am I supposed to do with that? Well, they conceded that when it is due, when the 15 days are due, and they conceded that it was untimely filed, and this is a motion to reconsider. This is not the underlying decision that's on appeal. This is just a motion to reconsider. I'm sorry, this is not your fault. You said they conceded, and then I didn't understand what you said they conceded. That it's late. Well, of course it's late. The question is, is the lateness excused? And he says, I never received it. And the board, instead of saying, the board, instead of saying, well, we understand that you didn't receive it, but I'm sorry you lose anyway, the board says they offer no support for saying that you never received it. But the decision here, he has to show a legal or factual error in the board's prior decision. And he argues here, before the board, that it was timely filed. Well, he argues that, but he also pointed to the fact that it was timely filed. There's no legal error, factual error in the board. I'm having trouble because you and I are talking over each other, and it's not your fault. It's the auditor's fault. So that part's not a criticism at all. Well, in his motion to reopen, he does make this argument about timeliness, saying it is timely. But in the previous paragraph, he makes the argument that it should be excused, basically repeating the argument that he made to the board in the first place. But does he bring that up in the motion to reconsider? If you look at the motion to reconsider, he just simply says the board incorrectly calculated the dates. And that's all we're looking at here is the motion to reconsider. He missed out. He should have filed a PFR of the underlying summary dismissal of, the board summary dismissal of his appeal. Then he could have raised the moralis moralis issues and the equitable tolling, but he chose instead to seek reconsideration with the board. And now that's what we're left with here. And did the board make an error in calculating the 15 days when we know that a rejection notice was sent in the 17? I'm not interested for the moment in the questions whether the board made an error. I'm operating on the assumption that it's late. So I'm still on this question of tolling. Now, we know that the board very recently has reversed itself. And it said that previously we did not allow equitable tolling. We had this procedure called certificate. But we now allow equitable tolling. That means that the board in the first instance and then on the motion to reconsider was operating under a different standard, correct? I mean, it's something that still could have been raised. I mean, this court has held since I believe 2011 that it was subject to equitable tolling. So it's an argument that could have been made. We might have held it, but the board never did. The board finally in this most recent case cites our opinion saying that they've been disagreeing with forever and ever. They finally acquiesced to it. But until this time, they say there's no equitable tolling. So at the time they were making decisions in this case, they were not allowing equitable tolling. Is that right? Correct. But again, the only issue before the court is whether there was a legal or factual error in the board's decision. But petitioner had burden of showing that reconsideration was warranted. So in looking at whether there was a legal or factual error, you have to see what petitioner put the board on notice. It's not just reconsider my thing that the dates are untimely and then go back and look at all of my arguments. The petitioner has to point out to the board, make these explicit arguments. And he didn't do that here. He just said the date's wrong. No, he did that. Even like explain it in terms. Excuse me. I disagree with you. The last paragraph, he says the date's wrong. The previous paragraph, he's making a different argument. He's making the argument that I'm now interested in. He does not make it in a very artful way. But he did not have as his sole argument that it was timely. The first paragraph is more of just going over what's happened in the case. I'm not seeing respectfully differing an opinion that there is an argument really being made there. Okay. He's just going over the facts of what's happened in the case. And then he's saying the board was incorrect in calculating the dates. I mean, all these arguments that he went into before the court in his brief, these are all things that he could have raised to the board in the motion to reconsider. And that's the purpose of a motion to reconsider, to show if there was something that was overlooked, or there's a factual error or a legal error. And he's done that now before the court, but he didn't do that with the board. And that's why I keep repeating that the only decision before the court is reconsideration. He missed his opportunity by not filing an appeal of that underlying decision. And there is simply not enough here to put the board on notice, to address all these arguments that he's making in his brief now. It's unfortunate, but he was given the 15 days to perfect the appeal, and it didn't happen. And we're left here with a motion to reconsider, and the board did not act irrationally or arbitrarily. I mean, it was a day late. And I ask that the court deny the petition for review. Thank you. Sir Costa. Thank you. I'll just make a couple of points. I believe that it's respectfully mistaken to assert that a petition for review could have been filed from the initial rejection of the appeal, because the board clearly states that the appeal was being returned, that the case was being returned to the immigration court without further action. And a direct respondent, a petitioner, to file a motion to reopen. So you would not have a final agency decision that could be appealed to the Ninth Circuit. And I would also respectfully point out in the Irigoyen case from 2011, which is the case where the court first disagreed with Madre Lealado, the case that the board overruled in matter of Morales. That one also, there was a motion to reconsider that was filed. And that was because procedurally, you have to do the motion to reconsider to give the board an opportunity to make a final agency decision that then can be appealed to the Ninth Circuit. With respect to the arguments that petitioner didn't exhaust the issue of the tolling, he absolutely did. Otherwise, there would be no reason for prior counsel to raise the fact that he never got the rejection notice. If the argument was always going to be that the response and that the filing was timely, then he would have stayed at that point. The fact that he was making the argument that he never received a rejection notice was to support the fact that tolling should apply, that he was unaware. And because he did provide an affidavit, I do believe that the board made a mistake of fact and made a mistake of law, and that the court should grant the petition. And if there's no other questions, we submit for a review of the case. Thank you. Great, yeah. Thank you both. The case has been submitted.
judges: FLETCHER, TALLMAN, LEE